# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

O'KANG ANDRE RUDDOCK,

    Petitioner,

           v.

PATRICK LABAT and FULTON COUNTY SHERIFF'S OFFICE,

    Respondents.

Civil Action No.
1:24-cv-02410-SDG

## OPINION AND ORDER

This matter is before the Court on the Final Report and Recommendation (R&R) entered by United States Magistrate Judge Christopher C. Bly [ECF 2], recommending dismissal of this action. The Court originally dismissed this case because Petitioner failed to keep his address up to date with the Court Clerk.[1] Petitioner later updated his address,[2] so the Court vacated the dismissal order and extended Petitioner's time to object to the R&R.[3] Despite that extension, Petitioner did not file objections. In the absence of objections, and under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, undersigned reviewed the R&R for plain error.

---

[1]     ECF 11.

[2]     ECF 13.

[3]     ECF 14.

Although the underlying criminal case against Petitioner was pending when the R&R issued, it now appears that those proceedings are complete.[4] While the R&R recommended that the Court abstain from considering the petition based on *Younger* abstention,[5] declining to hear the petition on that basis would no longer be appropriate (even though there was no error in Judge Bly's recommendation to do so at the time). However, the R&R also concluded that the petition failed because a person cannot challenge in a federal habeas proceeding an extradition that has already happened.[6] Undersigned agrees. *Harden v. Pataki*, 320 F.3d 1289, 1299 (11th Cir. 2003) (citations omitted) ("[A] person forcibly abducted from one state without warrant or authority of law and placed in the demanding state's custody does not have a claim for release in habeas corpus. Once the fugitive is returned to the demanding state, the right to challenge extradition becomes moot: the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue."). Undersigned also agrees with the R&R that a certificate of appealability should be denied.

---

[4] *Georgia v. Ruddock*, No. 21SC179783, Fulton Cnty. Super. Ct., https://portal-gafulton.tdr.tylerhosting.cloud/Portal/Home/WorkspaceMode?p=0 (last visited Dec. 23, 2024).

[5] ECF 2, at 3–5 (citing, inter alia, *Younger v. Harris*, 401 U.S. 37 (1971)).

[6] *Id.* at 5.

Petitioner's petition for a writ of habeas corpus [ECF 1] is **DENIED**. This action is **DISMISSED without prejudice**. The Court **DECLINES** to issue a certificate of appealability because resolution of the issue presented is not debatable. Accordingly, if Petitioner wants appellate review of this Order, he may seek a certificate of appealability from the Eleventh Circuit Court of Appeals under Federal Rule of Appellate Procedure 22. R. 11(a), R. Governing § 2254 Case in the U.S. Dist. Cts. The Clerk is **DIRECTED** to mail a copy of this Order to Petitioner and to **CLOSE** this case.

**SO ORDERED** this 3rd day of January, 2025.

Steven D. Grimberg
United States District Judge